UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:     COLEEN BURNS, | : | CHAPTER 13 BANKRUPTCY |
| | : | |
| Debtor | : | CASE NO. 5-19-04098 |
| | : | |
| | : | |
| US Bank Trust Association, Not In Its | : | |
| Individual Capacity But Soley As Owner | : | |
| Trustee For VRMTG Asset Trust | : | |
| | : | |
| Movant | : | |
| v. | : | |
| | : | |
| Coleen Burns, et al | : | |
| | : | |
| Debtor/Respondents | : | |

_____

## ANSWER TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

NOW, Debtor, by and through her counsel, Kevin M. Walsh, Esquire, answers the Motion for Relief, as follows:

1. Admitted, upon belief.

2. Admitted, upon belief.

3. Admitted.

4. Admitted, only that, the Chapter 13 plan provides, that if, a mortgage modification was not worked out, the property would be transferred to a related third party and the mortgage paid off. Debtor does currently reside in the property.

5. Admitted. The successor Trustee is Jack N. Zaharopoulos.

6. Admitted and Denied. Denied, in that, the mortgage being a written legal document should speak for itself. The averred assignment to Movant may be true but, at this time the undersigned lacks sufficient information to admit the assignment of the mortgage and note.

7. Admitted, only that, the stay is in effect.

8. Admitted and Denied. Admitted the said payoff amount is consistent with the information provided the undersigned. Denied, in that, the averred payoff is but a summary of legal conclusions.

9. Denied as stated. Since about July 2020 and the commencement of the so-called three month trial modification period (trial mod at $2,732.31), Debtor has been paying and/or substantially paying $2,750.00 per month. See Post Petition Payment History attached to Motion.

10. To the extent, there is not a mortgage modification, Debtor offers and provide adequate protection for Movant's interest in the property. Debtor submits the transfer of Debtor's interest to a related relative with a mortgage payoff would adequately protect Movant. Alternatively, Debtor submits reasonable catch up payments would adequately protect Movant's interests.

11. Denied. It is denied Movant should be granted relief for cause.

12. Denied as but legal conclusions without necessity of a response.

13. Denied as but legal conclusions without necessity of a response.

14. Denied as but legal conclusions without necessity of a response.

WHEREFORE, Debtor respectfully requests that this Motion be denied together with such other and further relief as this Court deems just and appropriate.

/s/Kevin M. Walsh
Kevin M. Walsh, Esquire
Attorney I.D. No. 35209
Attorney for Debtor
297-299 Pierce Street
Kingston, PA  18704
(570) 283-3041

# CERTIFICATE OF SERVICE

I, Kevin M. Walsh, Esquire, certify that a true and correct copy of the foregoing was forwarded to the below named on the 7th day of June, 2021, as follows:

Jack N. Zaharopoulos, Trustee
8125 Adams Drive, Suite A	—	By Clerk's Notice of Electronic Filing
Hummelstown, PA 17036


Rebecca A. Solarz, Esquire
KML Law Group, P C	—	By Clerk's Notice of Electronic Filing
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532


Coleen Burns	—	By First Class Mail
P.O. Box 239
Harvey's Lake, PA 18618


Michael T. Vough
Cindy Ann Vough
30 Market Street	—	By First Class Mail
Pittston, PA 18640


/s/Kevin M. Walsh
Kevin M. Walsh, Esquire
Attorney I.D. No. 35209
Attorney for Debtor
297-299 Pierce Street
Kingston, PA 18704
(570) 283-3041