DAVID J. HARRIS, ESQUIRE
PA S. Ct. No.: 48558
FL Bar No.: 0451207
ATTORNEY FOR THE LUZERNE COUNTY TAX CLAIM BUREAU

67-69 Public Square, Suite 700
Wilkes-Barre, PA 18701
Telephone: (570) 823-9400
Facsimile:  (570) 208-1400
E-Mail:    dh@lawofficeofdavidharris.com

_____

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| IN RE | : | |
| | : | |
| COLEEN BURNS, | : | Case No.: 5:19-bk-04098-MJC |
| | : | Chapter 13 |
| Debtor | : | |

_____

| | | |
|---|---|---|
| | : | |
| LUZERNE COUNTY TAX CLAIM BUREAU, | : | |
| | : | |
| Objector | : | |
| | : | |
| vs. | : | |
| | : | |
| COLEEN BURNS, | : | |
| | : | |
| Respondent | : | |

_____

**OBJECTION OF THE LUZERNE COUNTY TAX CLAIM BUREAU
TO THE DEBTOR'S MOTION TO SELL REAL ESTATE AND ALTERNATIVELY TO
ALLOW IT TO MAKE A CREDIT BID UNDER 11 U.S.C. §363 (K)**

_____

The Objection of the LUZERNE COUNTY TAX CLAIM BUREAU ("Tax Claim Bureau"), by and through its counsel, David J. Harris, Esquire, is as follows:

1. On June 29, 2023, the Debtor, Coleen Burns, filed a Motion to Sell Real Estate under Bankruptcy Code Section 363(b) ("Motion to Sell").

2. The property that the Debtor seeks to sell is commonly known as 16-22 E. Union Street, Wilkes-Barre, Luzerne County, Pennsylvania having a Property Identification Number of 73-H19SW1-019-015-000 (the "Property").

3. The assessed value of the Property is $500,000.00. After applying Luzerne County's published Common Level Ratio Factor of 1.32%, the implied fair market value of the Property is $720,000.00. A copy of Luzerne County's assessment record for the Property is attached to this Objection as Exhibit "A."

4. Notwithstanding the foregoing, the Debtor's Motion to Sell seeks to sell the Property for the sum of $300,000.00.

5. The Tax Claim Bureau is owed $23,444.23.[1]

6. By Pennsylvania law, the Tax Claim Bureau holds a first position statutory secured lien on the Property.

7. Peculiarly, the Debtor proposes to distribute the sales proceeds of $300,000.00 to the following persons and entities and not to the Tax Claim Bureau, in the following sequence:

    (a) Toward certain closing costs as set forth in paragraph 16 of the Motion to Sell;

    (b) Toward transfer taxes, recording fees and sewer charges

    (c) Unapproved fees and costs to the Debtor's counsel ; and

    (d) $300,000.00 to a mortgage holder, whose lien position is junior to the lien position of the Tax Claim Bureau.

8. The proposed sale, which violates both bankruptcy and state law, is improper for the reasons set forth in the following paragraphs. Accordingly, the Tax Claim Bureau objects to the sale of the Property on the terms set forth in the Motion to Sell.

---

[1] In actuality, the Tax Claim Bureau is owed a greater amount due to the accrual of statutory interest.

9. First, the Tax Claim Bureau is entitled to be paid first among all creditors under Pennsylvania law as a result of its first position statutory lien position. The proposed distribution scheme under the Motion to Sell is proper and highly discriminatory.

10. Second, the Property should not be subject to sale other than at its fair market value or subject to auction or to higher and better bids. The Motion to Sell provides for neither and results in a sale for a grossly inadequate sales price.

11. The sale at such an inadequate price is not only detrimental to the Tax Claim Bureau, but to all the Debtor's creditors.

12. Lastly, the Tax Claim Bureau as a secured creditor is entitled to make a credit bid under 11 U.S.C. §363(k), which has not been afforded to it under the Motion to Sell. Specifically, the United States Court of Appeals for the Third Circuit has held that a secured creditor has a right to submit a credit bid up to the full amount of its claim in connection with a sale. *Philadelphia Newspapers, LLC*, 598 F.3d 298 (3d Cir. 2010).

13. 363(k) of the Bankruptcy Code allows a creditor with an "allowed" secured claim to make a credit bid.[2]

14. As the Tax Claim Bureau has filed a proof of claim, its claim is deemed allowed under section 502(a) of the Bankruptcy Code, as there has been no objections to the claim.

15. Since the Tax Claim Bureau holds a statutory first lien position on the Property and the Debtor seeks to sell the property for a significant sum, the Tax Claim Bureau hereby is entitled to, and hereby, makes a credit bid equal to the amount owed to it to purchase the Property.

---

[2] *See*, 11 U. S. C. §363 (k) (allowing credit bidding "[a]t a sale under subsection (b) of this section of property that is subject to a lien that secures and allowed claim…").

WHEREFORE, for the foregoing reasons, the Tax Claim Bureau objects to the Debtor's Motion to Sell and alternatively seeks to obtain the Court's permission to make a credit bid of the Property for an amount equal to the amount owed to it.

                                                RESPECTFULLY SUBMITTED:

Dated:  July 12, 2023                              BY:   /s/ David J. Harris, Esquire
        Wilkes-Barre, Pennsylvania              DAVID J. HARRIS, ESQUIRE

🔍 **Search Again**

| | |
|---|---|
| OWNER | CM BURNS 3 LLC |
| MUNICIPALITY | WILKES-BARRE CITY |
| SCHOOL DISTRICT | WILKES-BARRE AREA |
| PROPERTY TYPE | CO |
| COUNTY TAX | $3,084.80 |
| SCHOOL TAX | $9,216.60 |
| PLATE NUM | 73-5-256-10 |
| PIN | 73-H10SW1-019-015-000 |
| MAP | H10SW1 |
| ACRES | 0.35 |
| LOT | 15 |
| SALE DATE | 9/17/2019 |
| COUNTY RATE IN MILLS | 6.1696 |
| MUNI RATE IN MILLS | 141.33 |
| MUNI TAX | |
| SCHOOL RATE IN MILLS | 18.4332 |
| CITY | ASHLEY |
| ZIP | 18706 |
| AV LAND | 150000 |
| AV IMP | 350000 |
| AV TOTAL | 500000 |
| PROP LOCATION | 16 E UNION ST |

Back

Record 1 of 3 ▶ ▶|

**Start a dialogue, stay on topic and be civil.**

**If you don't follow the rules, your comment may be deleted.**

User Legend: 🛡 Moderator 🏅 Trusted User                          🔔