DAVID J. HARRIS, ESQUIRE
PA S. Ct. No.: 48558
FL Bar No.: 0451207
ATTORNEY FOR THE LUZERNE COUNTY TAX CLAIM BUREAU

67-69 Public Square, Suite 700
Wilkes-Barre, PA 18701
Telephone: (570) 823-9400
Facsimile: (570) 208-1400
E-Mail: dh@lawofficeofdavidharris.com

_____

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
_____

| | | |
|---|---|---|
| IN RE | : | |
| | : | |
| COLEEN BURNS, | : | Case No.: 5:19-bk-04098-MJC |
| | : | Chapter 13 |
|     Debtor | : | |

_____

| | | |
|---|---|---|
| | : | |
| LUZERNE COUNTY TAX CLAIM BUREAU, | : | |
| | : | |
|     Objector | : | |
| | : | |
| vs. | : | |
| | : | |
| COLEEN BURNS, | : | |
| | : | |
|     Respondent | : | |

_____

### OBJECTION TO DEBTOR'S MOTION TO MODIFY CONFIRMED CHAPTER 13 PLAN SEEKING APPROVAL OF EIGHTH AMENDED CHAPTER 13 PLAN
_____

The Objection of the LUZERNE COUNTY TAX CLAIM BUREAU ("Tax Claim Bureau"), by and through its counsel, David J. Harris, Esquire to the Motion of the Debtor seeking approval of the Debtor's EIGHTH AMENDED Chapter 13 Plan, is as follows:

    1.    On June 26, 2023, the Debtor, Coleen Burns, filed an EIGHTH Amended Chapter 13 Plan.

2. The Tax Claim Bureau holds statutory first lien positions on the Debtor's numerous parcels of improved and unimproved real estate.

3. The Tax Claim Bureau filed Proofs of Claim to which the Debtor has not objected.

4. The Debtor has failed to stay current with her post-petition real estate tax obligations with respect to her real estate holdings.

5. The Debtor transferred several properties from entities owned by her to herself within days prior to her bankruptcy filing to bring them under the chapter 13 protective umbrella. The properties reflect the grantor as the entities, and the Debtor as the grantee. However, the deeds for the properties were never recorded with the Recorder of Deeds. Nevertheless, the Debtor has taken the position that execution on the transferred properties is subject to the automatic stay in the Debtor's case.

6. As required by Chapter 13 of the Bankruptcy Code, the Debtor's EIGHTH Amended Chapter 13 Plan fails to pay the present value of the Allowed Secured Claim of the Tax Claim Bureau. 11 U.S.C. §1325(a)(5).

7. The Debtor's EIGHTH Amended Chapter 13 Plan improperly proposes to apply sales proceeds from the Debtor's property to the plan and not to the Allowed Secured Claim of the Tax Claim Bureau. 11 U.S.C. §1325(a)(5).

8. The Debtor's EIGHTH Amended Chapter 13 Plan discriminates against the Tax Claim Bureau and has the effect of improperly modifying its Allowed Secured Claim. 11 U.S.C. §1325(a)(5).

9. The Debtor's plan has been submitted in bad faith, as she cannot perform its terms. The Debtor has failed to stay current with her post-petition real estate tax obligations. Moreover,

the Debtor's transfer of property days prior to her bankruptcy filing reflects bad faith. 11 U.S.C. §1325(a)(2).

10. The terms of the Debtor's EIGHT Amended Chapter 13 plan are ambiguous and inconsistent.

WHEREFORE, for the foregoing reasons, the Tax Claim Bureau objects to the Debtor's EIGHTH Amended Chapter 13 Plan and requests that this Honorable Court deny approval of the Debtor's Motion seeking approval of her EIGHTH amended chapter 13 plan.

RESPECTFULLY SUBMITTED:

Dated: July 16, 2023  
      Wilkes-Barre, Pennsylvania

BY: /s/ David J. Harris, Esquire  
DAVID J. HARRIS, ESQUIRE