THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 BANKRUPTCY |
|     COLEEN BURNS, | : | |
| | : | |
|     Debtor | : | |
| | : | |
| LUZERNE COUNTY TAX CLAIM BUREAU | , : | |
|     Objector | : | |
| | : | |
| vs. | : | |
| | : | CASE NO: 5:19-BK-04098 |
| COLEEN BURNS | : | |
| | : | |
|     Respondent | : | |

# DEBTOR'S ANSWER TO:
## OBJECTION OF THE LUZERNE COUNTY TAX CLAIM BUREAU TO THE DEBTOR'S MOTION TO SELL REAL ESTATE AND ALTERNATIVELY TOALLOW IT TO MAKE A CREDIT BID UNDER 11 U.S.C. §363 (K)

### (125 Grove Street)

The Debtor, by and through her counsel, Kevin M. Walsh, Esquire, answers the Objection, as follows:

1 and 2. Admitted and Denied. On about 6-26-2023 Debtor filed a Motion concerning the sale of real estate located at 125 Grove Street, Wilkes Barre.

This piece of litigation involves Debtor's post confirmation sale of a piece of real estate pursuant to Debtor's confirmed plan which included Debtor's the right to sell real estate to pay a secured claim. Simply stated, the property is underwater. Basically, the sale is to transfer title under and subject to liens and encumbrances, except that a VS mortgage will be paid at a reduced negotiated amount, some closing costs will be paid and the balance guess estimated at +/- 2,500 will be paid over to the Chapter 13 Trustee for plan purposes. The sale does not seek to

sell the property free and clean of liens. The sale does not seek to strip-off or impair the liens of any other lienholders.

**A. Objection Should Be Overruled as Debtor is Authorized To Sell as Property Revested in Debtor.**

**B. Objection Should Be Overruled as Sale Is Authorized by Confirmed Plan.**

The pending Motion was filed precautionary and in anticipation of title insurance issues requiring a sale order. The Motion at paragraphs 4 and 5 summarizes and submits Debtor has the authority to sell the property (without necessity of a court sale order) because the property of the estate revested in Debtor upon confirmation, and also because the confirmed plan provides that Debtor (at para 9 at bottom of page 11, at docket no 203) has "...the right to sell real estate to payoff secured claims and/or to fund plan obligation.".

The Code recognizes sales may be conducted pursuant to section 363 **"…(b) or (c) or a plan under chapter 11, 12 or 13." Section 363(l)**. Noteworthy, a sale under a plan does not trigger 363(k) credit bidding rights.

**C. Alternatively, the Sale Should Be Approved as Authorized By the Confirmed Plan and/or the Objections Are Barred By the Res Judicata Effects of a Confirmed Plan.**

As aforesaid, the confirmed plan provides that Debtor has **"…the right to sell real estate to payoff secured claims and/or to fund plan obligations."** This sale is designed to payoff VS's secured claim.

3. Denied, in that, the assessed value speaks for itself. By way of further answer, the property was purchased for $45,000.00 and is encumbered with a VS mortgage in the face amount of $50,000.00 but which VS now has agreed to accept $6,500.00 to resolve.

4. Denied as stated. Debtor seeks to payoff VS's secured claim for the sum of $6,500.00 with Buyer assuming the liens and encumbrances.

5. Admitted, the current balance due Tax Claim is about $32,386.97.

6. That Tax Claim holds a first position lien is but a legal conclusion, which may be true. If affirmative, then Tax Claim is adequately protected by collateral and its' rights under state law.

7. For clarification, Buyer is responsible for transfer taxes, recording fees, sewer charges, and most closing fees.

8. Denied. The proposed sale is proper in all respects. Denied, as but legal argument and legal conclusions and for the reasons set forth in the following paragraphs.

9. Denied. Tax Claim avers there is some type of due on sale provision at law requiring payment to Tax Claim anytime a title is transferred. The undersigned is not aware of any authority for this averment and therefore this allegation is denied.

The proposed sale treatment of Tax Claim's lien is proper. Tax Claim's lien is not being impaired or stripped. Tax Claim is retaining its' lien whether the property subject to such liens is retained by the debtor or transferred to another entity. Further or alternatively, Tax Claim receives and/or maintains the indubitable equivalent of its interest.

Tax Claim's lien has a substantial equity cushion.

10. Denied. The property had and has issues. Under all the circumstances, the agreement Debtor negotiated with the mortgage hold and buyer is reasonable. Noteworthy, the cash at closing and lien assumptions equate to a fair market value.

11. Denied. The sales price is fair. The sale does no harm to Tax Claim's lien, but instead the transfer benefits Tax Claim.

12. Denied. Tax Claim is not entitled to make a credit bid. The Third Circuit in Philadelphia Newspapers, LLC 598 F.3d 298 at 317 (3d. Cir. 2012) held that a secured creditor did not have the right to credit bid when a sale was pursuant to a plan of reorganization, in situation such as we have here, when a secured creditor retains its' lien or is given indubitable equivalent value.

**Finally, our holding here only precludes a lender from asserting that it has an absolute right to credit bid when its collateral is being sold pursuant to a plan of reorganization…….**

**V.**
**Accordingly, we agree with the District Court and the Fifth Circuit that § 1129(b)(2)(A) is unambiguous and that a plain reading of its provisions permits the Debtors to proceed under subsection (iii) without allowing the Lenders to credit bid. …**

As aforesaid, Debtor's confirmed plan provides the right to sell real estate to payoff secured claims. Section 1322 (b) (8) allows **"…for the payment of all or part of a claim against debtor from property of the estate or property of the debtor."**

Tax Claim's objections and attempt at credit bidding are also barred as attempts to re-litigate confirmation issues.

13. Denied. Section 363(k) may allow credit bidding, unless the court orders otherwise, in a 363 (b) sale. But section 363(k) does not apply to a sale pursuant to a chapter 13 plan. Also, See **Philadelphia Newspapers** which held credit bidding is not available in the context of a sale pursuant to a plan where the secured creditor is retaining its lien or getting indubitable equivalent value.

14. Tax Claim's claim is not being denied. But, Tax Claim's objection and request to credit bid is being disputed.

15. Denied. Tax Claim is not entitled to credit bid. Moreover, the attempted credit bid is grossly less than the pending sales consideration/price.

WHEREFORE, Debtor respectfully requests that the Objection and request to make a credit bid be denied together with such other and further relief as this Court deemed just and appropriate including allowance of sale on condition Tax Claim is paid at closing.

/s/Kevin M. Walsh
Kevin M. Walsh, Esquire
Attorney I.D. No. 35209
Attorney for Debtor/Respondent
297-299 Pierce Street
Kingston, PA 18704
(570) 283-3041
kmwesq@aol.com

# CERTIFICATE OF SERVICE

I, Kevin M. Walsh, Esquire, certify that a true and correct copy of the foregoing was forwarded to the below named on the 17th day of July, 2023, as follows:

**Jack N. Zaharopoulos, Esquire**
**Standing Chapter 13 Trustee**
**8125 Adams Drive, Suite A** - By Clerk's Notice of Electronic Filing
**Hummelstown, PA 17036**


**David J. Harris, Esquire** - By Clerk's Notice of Electronic Filing
**67-69 Public Square, Ste 700** and email
**Wilkes Barre, PA 18701**

**cc: Debtor**

/s/Kevin M. Walsh
Kevin M. Walsh, Esquire
Attorney for Debtor/Movant
Attorney I.D.#35209
297-299 Pierce Street
Kingston, PA 18704
(570) 283-3041